IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| J & J SPORTS PRODUCTIONS, INC., | ) | |
|---|---|---|
| | ) | 4:18CV3061 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| ANGELA R. COTTON a/k/a | ) | **AND ORDER** |
| ANGELA RAE COTTON, | ) | |
| individually and d/b/a OUR PLACE; | ) | |
| and OUR PLACE, INC., an unknown | ) | |
| business entity d/b/a OUR PLACE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff has filed a Motion for Costs and Attorney Fees (Filing No. 18) in this signal-piracy case brought on behalf of a commercial domestic distributor of a televised fight. After the court's entry of a default judgment (Filing No. 17) for Defendants' violation of 47 U.S.C. § 605, Plaintiff requests $3,840.00 in attorneys' fees for 17.20 hours of work (Filing No. 18-2 at CM/ECF p. 9), costs in the amount of $750.52 (Filing No. 18-2 at CM/ECF p. 9), and investigative costs in the amount of $625.00 (Filing No. 18-2 at CM/ECF p. 11).

### Attorneys' Fees

Under 47 U.S.C. § 605(e)(3)(B)(iii), the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Miller v. Dugan*, 764 F.3d 826, 830-31 (8th Cir. 2014) (internal citations omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983)); *see also Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)

("The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates."). The marketplace is the district court's guide in determining what constitutes a "reasonable" hourly rate, along with the court's own knowledge of prevailing market rates. *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) ("When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates.").

Plaintiff requests reimbursement for 17.20 hours of work performed by lead counsel at a rate of $500.00 per hour, an administrative assistant at $100.00 per hour, and a research attorney at $300.00 per hour. (Filing No. 18-2 at CM/ECF p. 2.) Counsel, whose office is in California, admits that "the rates charged by Plaintiff's counsel are somewhat higher than the prevailing rates in this district," but such rates are justified because of "counsel's particular experience" in cases involving piracy of commercial signals. (Filing No. 18-1 at CM/ECF p. 3; Filing No. 18-2 at CM/ECF p. 3.)

While this case may have involved a unique area of the law, this case "did not involve any degree of complexity and required no exceptional level of expertise." *J&J Sports Productions, Inc. v. Palomares*, 2018 WL 6250607, at *1 (D. Neb. Nov. 29, 2018) (same lawyer representing same plaintiff in same market in same type of case). In addition, Plaintiff failed to support his claimed hourly rates with affidavits from attorneys with comparable experience in the Omaha/Lincoln, Nebraska, area establishing that Plaintiff's requested rates are reasonable in this market for this type of case. *See* NECivR 54.4(c) ("attorneys must file affidavits or other evidence in support of claimed hourly rates and hours").

As in *Palomares*, the attorneys involved in this case have approximately 25 years of experience, the Defendants failed to appear, boilerplate pleadings and briefing could be used, "and this case was, overall, routine." *Palomares*, 2018 WL 6250607, at *2. Accordingly, and as in *Palomares*, the court will award Plaintiff attorney fees

for the requested amount of hours worked (17.2), but at the low end of the prevailing market rate for the Omaha/Lincoln, Nebraska, area as follows: $225 per hour for 2.55 hours of attorney services provided by Thomas P. Riley; $175 per hour for 5.5 hours of research-attorney services; and $50 per hour for 9.15 hours of administrative-assistant services.[1] Based on this adjusted rate, Plaintiff is entitled to recover attorney fees in the amount of $1,993.75. *Palomares*, 2018 WL 6250607, at *2; *J & J Sports Prods., Inc. v. Argueta*, No. 5:15-CV-05200, 2017 WL 628299, at *2 (W.D. Ark. Feb. 15, 2017) (same plaintiff's request for $19,621.95 in attorney fees and costs for 23.45 hours of work in similar case at same hourly rates was "unreasonable considering its limited success and the 'cumulative, boilerplate nature of Cable Act cases'" (quoting *J&J Sports Prods., Inc. v. 291 Bar & Lounge*, LLC, 648 F. Supp. 2d 469, 475 (E.D.N.Y. 2009)). *See also Petrone v. Werner Enterprises, Inc.*, No. 8:11CV401, 2018 WL 816250, at *6 (D. Neb. Feb. 9, 2018), *order clarified on other grounds*, No. 8:11CV401, 2018 WL 2049838 (D. Neb. Apr. 25, 2018) ("This Court has generally approved rates of between $225-$325/hour for partners with less than 25 years of experience and rates of $175-$200 for work done by associates."); *Henggeler v. Brumbaugh & Quandahl, P.C.*, No. 8:11CV334, 2014 WL 793544, at *4 (D. Neb. Feb. 26, 2014) (awarding $325 per hour to attorney with 41 years of experience); *Doe v. Neb. State Patrol*, No. 8:09cv456, 2012 WL 6681855 at *22-24 (D. Neb. Dec. 21, 2012) (collecting cases to conclude fees between $200 to $300 to be a reasonable market rate in Nebraska).

## Costs

Plaintiff seeks to recover the $400.00 filing fee already taxed by the Clerk of

---

[1] It is true that "[i]n a case where the plaintiff does not use local counsel, the court is not limited to the local hourly rate if the plaintiff has shown that, in spite of his diligent, good faith efforts, he was unable to find local counsel able and willing to take the case." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001) (citing *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140-41 (8th Cir. 1982) (en banc)). However, Plaintiff has made no such showing here.

3

Court[2], as well as $146.58 in courier charges, $29.74 in photocopies, $9.20 for certificates of good standing, $100.00 for *pro hac vice* admission fees, and $65.00 for service-of-process fees—a total of $750.52. (Filing No. 18-2 at CM/ECF p. 9.) Plaintiff also requests $625.00 for investigative expenses. (Filing No. 18-2 at CM/ECF p. 11.) Plaintiff has failed to provide documentation supporting any of these charges other than an invoice containing large blank sections where information apparently has been redacted showing payment due for the services of Matt Brown of Red Rock Investigations in the amount of $625.00 (Filing No. 18-2 at CM/ECF p. 11) and a "Statement of Services" apparently provided by a detective agency in Omaha, Nebraska, for service of process on Defendant Angela R. Cotton[3] (Filing No. 18-2 at CM/ECF p. 13).

Plaintiff is entitled to "full costs" under 47 U.S.C. § 605(e)(3)(B)(iii). Some courts in this circuit have interpreted this provision to mean only "taxable costs," which the Clerk of Court has already awarded in this case. *Palomares*, 2018 WL 6250607, at *2; *Argueta*, 2017 WL 628299, at *3. Regardless of the "taxable" nature of the requested costs, this court's fee-application guidelines require that sought-after expenses be identified "with particularity." For instance, "[f]or photocopies, state the items copied, why they were copied, how they were used, and the number of pages copied." NECivR 54.4(b). Finally, "'[a]n attorney fee that includes as a component some of the expenses of the attorney is authorized under the lodestar method, but only to the extent that such expenses would normally be paid by fee-paying clients as a part of an attorney fee in the relevant market.'" *Doe*, 2012 WL 6681855, at *8 (quoting *Sirois v. Superior Pub. Co., Inc.*, No. 4:04CV3064, 2005 WL 1459388, at *2 (D. Neb.

---

[2]The Clerk of Court taxed costs in the amount of $400.00 by separate order (Filing No. 21) to cover the court's filing fee, but denied costs for service of process and *pro hac vice* fees as prohibited by the Bill of Costs Handbook.

[3]The Statement of Services indicates a charge of $65.00 for service of process, but the "Total Amount Due" is crossed out with a heavy black line, making such amount indecipherable. There is no indication who made such a marking or why.

June 20, 2005) (Kopf, J.)). Other than listing the requested costs at the bottom of counsel's itemized record of time spent on various tasks related to this case (Filing No. 18-2 at CM/ECF p. 9), Plaintiff's counsel fails to explain such costs "with particularity" and has neglected to file any evidence establishing that such expenses would normally be paid by fee-paying clients as part of attorneys' fees in the Omaha/Lincoln, Nebraska, market.

With regard to Plaintiff's request for investigative fees, district courts in this circuit have refused to award such fees when the applicant failed to include details regarding the fee sought, such as the amount of time necessary for the investigation, how much the investigator charged per hour, and why the investigator was qualified to demand the requested rate. *Palomares*, 2018 WL 6250607, at *2 (assuming, but not deciding, that investigative costs are recoverable under § 605(e)(3)(B)(iii), but refusing to award such costs when plaintiff provided no evidence regarding investigator's hourly rate, amount of time spent on investigation, and investigator's qualifications, thus providing the court "no way of determining whether the amount J&J requested is reasonable"); *Argueta*, 2017 WL 628299, at *3 ("The Court does not believe 'full costs' [in § 605(e)(3)(B)(iii)] extends to the $650.00 investigative fee," but even if it did, "Because J & J's attorney has not provided any details regarding the $650.00 investigative fee sought, the Court denies its recovery. The Court also denies J & J costs for being admitted to this Court pro hac vice."). Plaintiff has provided none of this information.

Accordingly, I shall deny Plaintiff's request to recover $400.00 in filing-fee expenses because this amount has already been taxed by the Clerk of Court. I shall also deny the remainder of Plaintiff's requested costs due to lack of detail, supporting documentation, and evidence that the requested costs are normally paid by fee-paying clients in this market, without which it is impossible for the court to decide whether such costs are reasonable. *Palomares*, 2018 WL 6250607, at *2; *Argueta*, 2017 WL 628299, at *3; *Doe*, 2012 WL 6681855, at *8.

IT IS ORDERED:

1. Plaintiff's Motion for Costs and Attorney Fees (Filing No. 18) is granted in part and denied in part as follows: pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), Plaintiff is awarded total attorneys' fees against Defendants in the amount of $1,993.75. In all other respects, Plaintiff's Motion is denied.

2. Judgment shall be entered by separate document.

DATED this 8th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge